UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | | |
|---|---|---|
| MARTY LARAY GREENE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. |
| | ) | 5:14-cv-289-JMH |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Marty Laray Greene is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Medical Center ("FMC")-Lexington, located in Lexington, Kentucky. Proceeding without counsel, Greene has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his current BOP security classification.

As Greene has paid the $5.00 filing fee, the Court reviews the § 2241 petition to determine whether, from the face of the petition and any exhibits annexed to it, he is entitled to relief. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)); *see also Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). If it appears from the face of the § 2241 petition

1

that relief is not warranted, the Court may summarily dismiss the petition. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

For the reasons set forth below, the Court has determined that Greene is not entitled to relief under § 2241, and that his habeas petition should be denied.

## I. BACKGROUND

### A. Greene's Criminal Conviction and Sentence

In March 2011, Greene was charged in a Florida federal court with possessing with intent to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii); using a machine gun during a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and being a felon in possession of firearms and ammunition affecting interstate commerce, in violation of 18 U.S.C. § 922(g). *United States v. Marty Laray Greene*, No. 8:11-CR-122-EAK-MAP-A (M.D. Fla. 2011) [8:11-CR-122, R. 1].

On December 23, 2011, Greene signed a Plea Agreement in which he admitted that he was guilty of the § 841 drug offense; acknowledged that he understood the nature of both elements of the offense, *i.e.*, that he knowingly and willfully possessed cocaine base and did so with intent to distribute it; that based

2

on his prior felony drug convictions and the notice filed by the United States under 21 U.S.C. § 851, he faced a maximum sentence of life imprisonment because the offense involved 280 grams or more of a Schedule II controlled substance; and that the government would file a motion under the federal sentencing guidelines requesting certain downward adjustments of his sentence. [8:11-CR-122, R. 39].

On January 23, 2012, Greene entered a guilty plea to the § 841 offense [8:11-CR-122, R. 42, 43]; the Magistrate Judge determined that Greene's plea was knowing, voluntary, and supported by a factual basis [8:11-CR-122, R. 44]; and the district court accepted Greene's guilty plea to the § 841 drug offense [8:11-CR-122, R. 46]. The government dismissed the two gun charges, and on May 10, 2012, the district court sentenced Greene to 140-month prison term on the § 841 drug offense. [8:11-CR-122, R. 56]. On August 8, 2013, the United States filed a motion requesting a sentence reduction under Fed. R. Crim. P. 35(b) and 18 U.S.C. § 3553(e) [8:11-CR-122, R. 67], and on August 20, 2013, the district court granted that motion and reduced Greene's prison sentence to 120 months. [8:11-CR-122, R. 72].

In January 2014, Greene filed a motion asking the district court to "clarify" his sentence, to specify (1) that the

firearms-related charges in his indictment, Counts Two and Three, were dismissed; and (2) that it "never adopted" a firearms enhancement of his sentence under the United States Sentencing Guidelines. [8:11-CR-122, R. 75]. Greene theorized that if the district court had applied a firearms enhancement under U.S.S.G. § 2D1.1(b)(1), he would have received a longer sentence than the one which was actually imposed, and that that because the district court sentenced him as a career offender, it thereby rejected any notion that a firearms enhancement was applicable to his case. The government disputed Greene's assertion that the district court did not enhance his sentence based on gun possession, stating:

> **Simply put, Greene's description of the application of USSG § 4B1.1 is inaccurate.** Section 4B1.1(b) states, "Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." Section 4B1.1 is therefore applied after all other provisions of the guidelines are applied, to yield a total offense level (to include, in this case, include a firearms enhancement under USSG § 2D1.1(b)(1)). **There was no finding by the Court that the firearms enhancement did not apply; to do so would have been an obvious, counter-factual error (see e.g., Doc. 39 at 15–17, wherein, after multiple loaded firearms were located in his residence along with 595 grams of crack cocaine, Greene admitted to having carried firearms during drug deals). Rather, Greene's total offense level, which correctly included a 2-level firearms enhancement, was later trumped by the career offender guideline.**

4

[8:11-CR-122, R. 77 at 2 (emphasis added)].

On February 12, 2014, the district court denied Greene's motion seeking a clarification, explaining, "The Court has reviewed the motion and response and finds the response well-taken." [8:11-CR-122, R. 78]. Greene did not appeal that ruling.

**B. Denial of Early Release and Administrative Appeals**

The Violent Crime Control and Law Enforcement Act of 1994 requires federal prisons to make substance addiction or abuse treatment programs available for each prisoner the BOP deems treatable. A federal inmate who successfully completes the Residential Drug Abuse Program ("RDAP") may, at the BOP's discretion, receive up to a one-year reduction of his sentence. *See* 18 U.S.C. § 3621(e).

Greene states that on November 25, 2013, the BOP refused to consider him for early release based on his current offense history.[1] The BOP's Designation and Sentence Computation Center ("DSCC") determined that Greene was precluded from consideration for the one-year sentence reduction because his current offense conviction "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device) (28 C.F.R. § 550.55(b)(5)(ii)," and "by its nature or conduct, presents a

---

[1] Greene states that on January 3, 2014, he entered the RDAP at FMC-Lexington. [R. 1-1 at 5].

5

serious potential risk of physical force against the person or property of another (28 C.F.R. § 550.55(b)(5)(iii)." [R. 1-3 at 4, ¶¶ 2-3].

Dissatisfied, Greene submitted a "Request for Administrative Remedy" to Warden Francisco Quintana. On December 20, 2013, Quintana determined that Greene was not entitled to a remedy, noting that the Pre-Sentence Investigation Report ("PSR") on which the district court had relied at sentencing revealed that Greene received a two-point sentence enhancement for possessing three firearms. [R. 1-4 at 2; *see also*, R. 1-3 at 1¶ 24]. Quintana also noted that the PSR "…recommended a 2 level Specific Offense Characteristic Enhancement for possession of weapons which was adopted by the court at sentencing." [R. 1-4 at 2]. In addition, Quintana stated that contact had been made with the United States Probation officer, "…who wrote your PSR and she confirmed you received a two-point weapon enhancement on your instant offense." [*Id.*] Quintana explained that under BOP Program Statement 5331.02, <u>Early Release Procedures Under 18 USC 3621(e)</u>, the sentence enhancement which Greene received for possessing three firearms precluded him for consideration for early release under § 3621(e).

Greene appealed, arguing that no documentation existed which reflected that the district court adopted the PSR which

6

recommended a sentence enhancement for possession of weapons. On January 14, 2014, the BOP's Mid-Atlantic Regional Office ("MARO") affirmed Quintana's decision, stating that the district court "…adopted the presentence investigation report without change, to include recommended two-point Specific Offense Characteristic Enhancement for possession of firearms from the sentencing court." [R. 1-5 at 2]. The MARO determined that the denial of the early release benefit in Greene's case was proper. [*Id.*]

Greene states that on April 3, 2014, he appealed the MARO's decision to the BOP Central Office, but that as of July 15, 2014 (the date on which he filed his § 2241 petition), he had not received a response from the BOP Central Office. [R. 1-1 at 9]. Greene correctly interprets the lack of a response from the BOP Central Office as a denial of his appeal based on 28 C.F.R. § 542.18, which provides, "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."

**C. Claims Asserted in the § 2241 Petition**

Greene argues that the DSCC, Warden Quintana, and the two BOP officials who denied his administrative appeals incorrectly concluded that the sentence which he is currently serving

7

involved the possession of a firearm, and that the PSR used in his criminal proceeding actually supports his assertion that he did *not* receive a two-level enhancement for possessing firearms. Greene maintains that the district court sentenced him exclusively as a career offender under U.S.S.G. § 4B1.1, and that it did not enhance his sentence based on his possession of firearms.[2]

Greene argues that because he was not convicted of a firearm offense in the district court, and because his sentence was not enhanced for possession of firearms, his drug conviction renders him an eligible candidate for the RDAP and early release from BOP custody. Greene contends that the BOP has improperly concluded that his sentence was enhanced for possessing firearms; has abused its discretion by failing to properly investigate all aspects of his sentence; has failed to abide by its own program statements and regulations; and has improperly

---

[2] Greene states as follows:

> In sum the Firearm Enhancement had not [sic] effect on the guideline range in the P.S.R. (see page 7 paragraph 32-35). More importantly, the 2 Level Enhancement had no effect on Petitioner's sentence once Petitioner was determined to be a Career Offender under 4Bl.l. If a career offender sentence is greater then [sic] the initial Advisory Guideline Range, the career offender range controls USSG 4Bl. l(B). Petitioner [sic] initial advisory calculation resulted **RECOMMENDED** a two-level enhancement in offense level 34 category 3, (see P.S.R. page 6 paragraph 22-31).

[R. 1-1 at 3-4 (emphasis in original)].

excluded him from consideration for early release under 18 U.S.C. § 3621(e).

Greene thus argues that by denying him consideration for early release, the BOP has violated his right to due process of law. He asks this Court to order the BOP to reconsider his request for a sentence reduction under § 3621(e).

**II. Analysis**

Pursuant to 18 U.S.C. § 3621(b), the BOP must provide drug abuse treatment programs for those prisoners the BOP determines have "a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To encourage prisoners to participate in such programs, Congress permits, but does not require, the BOP to reduce the sentence by up to one year of a prisoner convicted of a "nonviolent offense" who successfully completes the RDAP. *See* 18 U.S.C. § 3621(e)(2)(B).

Because § 3621(e) does not define a "nonviolent offense," and does not set criteria for eligibility for early release, the BOP promulgated regulations to implement the statute. Title 28 C.F.R. § 550.55 provides, in part, that an inmate whose current felony offense is for a felony that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)" or "by its nature or conduct, presents a serious

9

potential risk of physical force against the person or property of another" is ineligible for early release. 28 C.F.R. § 550.55(b)(5)(ii) and (iii); BOP Program Statement 5162.05 (4) (denying early release to inmates whose felony offense involved the carrying, use, or possession of a firearm); *see also Handley v. Chapman*, 587 F.3d 273, 276 (5th Cir. 2009) (holding that the regulation was neither arbitrary nor capricious because BOP articulated "public safety" as a rationale for its policy).

Greene argues that he was not convicted for the possession of firearms, and that the district court did not enhance his sentence based on his possession of a firearm. He claims that the BOP violated his due process rights by refusing to consider him for early release based on its incorrect interpretation of the manner in which the district court calculated his sentence under the federal guidelines. Greene's argument that his 120-month sentence was not enhanced based on his possession of firearms is factually incorrect and foreclosed by the doctrine of issue preclusion.

The doctrine of collateral estoppel, or issue preclusion, holds that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v.*

*United States*, 440 U.S. 147, 153 (1979). Issue preclusion applies when:

> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation,
>
> (2) the issue was actually litigated and decided in the prior action,
>
> (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation,
>
> (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and
>
> (5) the party to be estopped had a full and fair opportunity to litigate the issue.

*Wolfe v. Perry*, 412 F.3d 707, 716 (6th Cir. 2005) (quoting *Santana-Albarran v. Ashcroft*, 393 F.3d 699, 704 (6th Cir. 2005)).

All of these considerations are satisfied in this case. As previously discussed, Greene recently raised the identical argument in the district court earlier this year, when he asked that court to "clarify" his sentence to reflect that it did not include an enhancement for possession of firearms, even though the excerpt of the PSR which Greene attached as an exhibit to his § 2241 petition clearly reflects that three firearms were found in his possession along with 595 grams of crack cocaine. The government responded that although Greene was ultimately

sentenced under the career offender provisions of the federal guidelines, which controlled the exact offense level of his sentence, his sentence as imposed did *in fact* include a 2-level firearms enhancement. As the government explained, "There was no finding by the Court that the firearms enhancement did not apply; to do so would have been an obvious, counter-factual error." *See* Greene Criminal Action, No. 8:11-CR-122-EAK-MAP-A (M.D. Fla. 2011) [8:11-CR-122, R. 77 at 2]. The district court agreed with the government's position, promptly denied Greene's request to "clarify" his sentence, and thereby rejected Greene's argument that his sentence did not encompass a two-level enhancement based on his possession of firearms.

The issue preclusion doctrine thus forecloses Greene's claim in this case, because he raises the same issue in this § 2241 proceeding (whether his sentence was enhanced for gun possession) that he unsuccessfully raised in the district court; that same issue was actually litigated and decided in the district court in early 2014; the resolution of the issue was necessary to a ruling on the merits of Greene's motion to "clarify" his sentence in district court; Greene was a party to the action in the district court; and Greene had a full and fair opportunity to litigate the issue. Therefore, because Greene's sentence involved the possession of firearms, and was in fact

enhanced because of his possession of firearms, the BOP correctly concluded that Green was not eligible for early release under § 3621(e).

Further, Warden Quintana explained to Greene during the administrative remedy process that the BOP had contacted the probation officer who prepared his PSR, and that the probation officer confirmed that Greene had in fact received a two-point weapon enhancement as part of the calculation of his sentence. Therefore, Greene's assertions that the district court did not adopt the PSR, that the district court misinterpreted the PSR relating to the discovery of firearms in his possession, and that the BOP failed to properly investigate the specifics of his sentence calculation, are not supported by the facts. Greene's theory as to how his sentence was calculated appears to be nothing more than a case of wishful thinking.

Moreover, Greene has no constitutional right to a sentence reduction under § 3621(e). As the Supreme Court has noted, the BOP "has the authority, but not the duty," to reduce an eligible individual's term of imprisonment under the statute after that individual successfully completes drug treatment. *Lopez v. Davis*, 531 U.S. 230, 241 (2001). In order to prevail on a due process claim, Greene must show that the government has interfered with a protected liberty or property interest and

that the procedures that led to the deprivation were constitutionally insufficient. That is, Greene must show either (1) that he has a legitimate entitlement to admission in RDAP or in early release, or (2) that the denial thereof creates an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 483–84 (1995).

Federal prisoners, however, have no constitutional right to early release under RDAP. *See Newsome v. Cauley*, No. CIV.A.09CV79 HRW, 2009 WL 3190410, at *2 (E.D. Ky. Sept. 30, 2009) (citing *Lopez*, 531 U.S. at 239-41) (holding that defendant had no liberty interest in reduced sentence under § 3621(e)(2)(B)); *Cook v. Lappin*, No. CIV.A. 06-CV-90-JMH, 2006 WL 1717460, at *4 (E.D. Ky. June 21, 2006) (citing *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)) ("[T]here is no authority for a prisoner's having a liberty interest in 18 U.S.C. § 3621(e)(2), which by its very terms grants the BOP full discretion to grant or withhold an early release, even denying any early release to those who have already completed the RDAP."); *see also Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (acknowledging that no due process protections are required for prisoner classification and eligibility for rehabilitative programs in federal prisons).

Furthermore, Greene does not allege, nor is there any evidence to suggest, that his early release under the RDAP program will result in an atypical or significant hardship that would establish grounds for a due process violation.

Thus, Greene has not stated grounds for relief under § 2241 with respect the issue of early release consideration under § 3621(e). Greene's habeas petition will be denied.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Greene's 28 U.S.C. § 2241 petition for writ of habeas corpus [R. 1], is **DENIED.**

(2) This action is **DISMISSED** from the Court's active docket and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This November 19, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge